IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES RALPH KILGORE,

        Plaintiff,

vs.                                                No. 97cv0544 JP/JHG

RICK HAURY, New Mexico
Attorney General's Office Special Agent,
WILLIE SAIZ, Bernalillo County Sheriff's
Deputy,

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendants' Joint Motion to Dismiss filed November 2, 1998. On May 30, 1997, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this motion pursuant to 28 U.S.C. § 636(b)(1)(C). The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds the motion to be well-taken and recommends it be GRANTED.

**I. Background**

On April 21, 1997, Kilgore, a *pro se* litigant, filed his original complaint pursuant to 42 U.S.C. §1983. On June 16, 1997, the district court granted Kilgore *in forma pauperis* status. In reviewing the complaint pursuant to 28 U.S.C. § 1915, the district court dismissed Kilgore's claims for damages against Haury in his official capacity as barred by the Eleventh Amendment. In addition, the district

court dismissed Kilgore's official capacity claims against Saiz for failure to affirmatively link the county to the acts allegedly committed by its employee. The district court also granted Kilgore leave to file an amended complaint.

In his amended complaint filed January 9, 1998, Kilgore alleges that Defendants, during his arrest, choked him and threatened to take him out to the desert and kill him. Kilgore alleges he is entitled to damages under 42 U.S.C. § 1983 because Defendants used excessive force in effecting his arrest in violation of the United States Constitution. Kilgore sues the defendants in their individual capacities, seeking monetary damages only.

**II. Standard of Review**

This Court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than required of those prepared by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the Court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In assessing a motion to dismiss, the court must accept all the well-pleaded allegations of the complaint as true and must construe them in a light most favorable to the plaintiffs. *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995). A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only if the plaintiff can prove no set of facts to support a claim for relief. *David v. Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). In determining whether to grant a motion to dismiss, the court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. *Jojola v. Chavez*, 55 F.3d at 494 (citing *Doyle v. Oklahoma Bar Assn.*, 998 F.2d 1559, 1566 (10th Cir. 1993)).

**III. Discussion**

Kilgore brought this action under 42 U.S.C. § 1983, which provides civil redress for deprivation of constitutional rights. Section 1983 was enacted to provide protection to those persons wronged by the misuse of power. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 650, 100 S.Ct. 1398, 1415, 63 L.Ed.2d 673 (1980). It creates no substantive civil rights, only a procedural mechanism for enforcing them. *Gallegos v. City &County of Denver*, 984 F.2d 358, 362 (10th Cir.), *cert. denied*, 508 U.S. 972, 113 S.Ct. 2962, 125 L.Ed.2d 662 (1993).

Defendants contend the amended complaint should be dismissed because it is barred by the notice provision and the statute of limitations of the New Mexico Tort Claims Act. The notice provision of the New Mexico Tort Claims Act provides that, as a prerequisite to filing suit, a claimant must present written notice to a specified official within ninety days after the occurrence. NMSA 1978, § 41-4-16(A). In his complaint, Kilgore does not allege he complied with the provision. Furthermore, in his response to the motion to dismiss, Kilgore does not refute the Defendants' argument. Therefore, Kilgore's state law tort claims against the Defendants should be dismissed for failure to comply with the notice provision of the New Mexico Tort Claims Act. Due to this determination, it is not necessary to address Defendants' argument concerning the statute of limitations.

Upon review of the pleadings, accepting all the well-pleaded allegations of the complaint as true and construing them in a light most favorable to the Kilgore pursuant to Fed.R.Civ.P. 12(b)(6), the Court finds Defendants' Motion to dismiss, filed November 2, 1998, should be granted.

**RECOMMENDED DISPOSITION**

Defendant's Motion to Dismiss, filed November 2, 1998, should be GRANTED.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.