# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JAMES RALPH KILGORE,**

      **Plaintiff,**

vs.             No. 97cv0544 JP/JHG

**RICK HAURY, New Mexico
Attorney General's Office Special Agent,
WILLIE SAIZ, Bernalillo County Sheriff's
Deputy,**

      **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendants' Joint Motion for Summary Judgment filed November 2, 1998. On May 30, 1997, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this motion pursuant to 28 U.S.C. § 636(b)(1)(C). The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds the motion to be well-taken and recommends it be GRANTED.

**I. Background**

On April 21, 1997, Kilgore, a *pro se* litigant, filed his original complaint pursuant to 42 U.S.C. §1983. On June 16, 1997, the district court granted Kilgore *in forma pauperis* status. In reviewing the complaint pursuant to 28 U.S.C. § 1915, the district court dismissed Kilgore's claims for damages against Haury in his official capacity as barred by the Eleventh Amendment. In addition, the district

court dismissed Kilgore's official capacity claims against Saiz for failure to affirmatively link the county to the acts allegedly committed by its employee. The district court also granted Kilgore leave to file an amended complaint.

In his amended complaint filed January 9, 1998, Kilgore alleges that Defendants, during his arrest, choked him and threatened to take him out to the desert and kill him. Kilgore alleges he is entitled to damages under 42 U.S.C. § 1983 because Defendants used excessive force in effecting his arrest in violation of the United States Constitution. Kilgore sues the defendants in their individual capacities, seeking monetary damages only.

**II. Standard of Review**

This Court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than required of those prepared by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the Court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A motion for summary judgment is appropriate only if "there is no genuine issue as to any material fact . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact . . . " *Id.* When applying this standard, the Court examines the record and resolves all reasonable inferences in the light most favorable to the non-moving party. *Universal Money Centers v. AT&T*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655 (1994).

The movant bears the initial burden of establishing that no genuine issue exists as to any

material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1355 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. at 1356. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *Universal Money Centers v. AT&T,* 22 F.3d at 1529. The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.*

**III. Discussion**

Kilgore brought this action under 42 U.S.C. § 1983, which provides civil redress for deprivation of constitutional rights. Section 1983 was enacted to provide protection to those persons wronged by the misuse of power. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 650, 100 S.Ct.

3

1398, 1415, 63 L.Ed.2d 673 (1980). It creates no substantive civil rights, only a procedural mechanism for enforcing them. *Gallegos v. City &County of Denver*, 984 F.2d 358, 362 (10th Cir.), *cert. denied*, 508 U.S. 972, 113 S.Ct. 2962, 125 L.Ed.2d 662 (1993).

Defendants contend they are entitled to summary judgment because they did not use excessive force in arresting Kilgore.[1] The United States Supreme Court has held excessive force claims should be analyzed under the reasonableness standard of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989). In evaluating an excessive force claim, the issue is whether the arresting officer's actions were objectively reasonable. *Latta v. Keryte*, 118 F.3d 693, 701 (10th Cir. 1997). The "reasonableness" of the amount of force used must be judged from the perspective of a reasonable officer on the scene, not with the "20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. at 397, 109 S.Ct. at 1872. In order to determine whether the force used by the arresting officers was objectively reasonable, the Court should consider whether the plaintiff was resisting arrest, whether the plaintiff posed an immediate threat and the severity of the crime. *Wilson v. Meeks*, 52 F.3d 1547, 1553 (10th Cir. 1995).

In support of their motion for summary judgment, Defendants present the following undisputed facts. On October 9, 1995, Defendants arrested Kilgore on the basis of a Colorado warrant. Affidavit of Saiz (Exhibit A) at 1. When Defendants arrived at Kilgore's Albuquerque motel room, the door was wide open. Exhibit A at 1. Kilgore was inside along with his girlfriend and her children. *Id.* When Defendants first informed Kilgore he was under arrest, he stated he would surrender, but asked Defendants to allow him to finish his steak dinner. Exhibit A at 1. Defendants agreed. *Id.* After Kilgore finished eating dinner, he did not surrender, but instead walked to the

---

[1] Defendants do not argue they are entitled to qualified immunity.

4

kitchenette area of the motel room holding a steak knife in his right hand. Exhibit A at 2. It appeared to Haury that Kilgore's cooperative attitude had changed and he was angry about his arrest. Affidavit of Haury (Exhibit B) at 2. Haury perceived this as a threat and feared Kilgore would not surrender peacefully. Exhibit B at 2.

In light of this perceived threat, Haury approached Kilgore, and took hold of his right wrist to secure the hand holding the knife. Exhibit B at 2. Haury placed his other hand on Kilgore's back in an effort to stabilize him. Exhibit B at 2. Saiz grabbed Kilgore's left hand, turned him around and handcuffed him in order to protect his safety as well as the safety of the other persons in the room. Exhibit A at 2. Defendants aver they did not choke or attack Kilgore. Exhibit A at 2; Exhibit B at 2. Saiz told Kilgore, "[i]ts not like we're gonna take you out to the desert and shoot you." Exhibit A at 2. Saiz avers he made this remark in order to decrease the tension in the room through the use of humor. Exhibit A at 2

Defendants transported Kilgore directly to the Bernalillo County Detention Center where he was booked. Exhibit A at 2. Kilgore's booking photograph, taken on October 9, 1995, shows no signs of injury to his neck. Exhibit C. Kilgore's Paramedic Unit Intake Interview form, also completed on October 5, 1995, states that he did not show any signs of trauma. Exhibit D. The intake officer did not note any injuries to Kilgore's neck. Exhibit D at 2.

In light of these facts, Defendants have met their initial burden of demonstrating an absence of evidence to support Kilgore's case. *Celotex v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553. After he was told he was under arrest, Kilgore walked away from the officers with a knife in his hand. A reasonable officer in that situation would have concluded Kilgore was not going to surrender peacefully. Under the circumstances, a reasonable officer would have thought Kilgore posed a threat

5

to the officers and other persons present in the room. In the face of this threat, Defendants used the amount of force necessary to secure Kilgore. The amount of force was minimal in light of the circumstances. Saiz's attempt at humor was not sufficient to state a constitutional violation under § 1983 as a matter of law. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979). The records of the Bernalillo County Detention Center establish Kilgore was not injured during his arrest. The facts presented by Defendants establish their use of force was reasonable under the totality of the circumstances.

Once Defendants satisfied their initial burden, the burden shifted to Kilgore to set forth specific facts showing a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d at 891. In his response to the motion for summary judgment, Kilgore states that he was arrested in the maid's room, not his room. He states he did not ask the Defendants if he could finish his dinner, but rather they told him he could do so. He also states there was no knife involved. While he states he has either four or six witnesses, Kilgore does not identify them or offer any materials in support of his own conclusory statements. Kilgore failed to proffer any material facts to rebut the Defendants' showing that they used reasonable force to under the circumstances.

In order to resist the motion for summary judgment, Kilgore was required to set forth specific facts showing a genuine issue for trial as to a dispositive matter. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. This he failed to do. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. at 1356. The Court has examined the record and resolved all reasonable inferences in the light most favorable to Kilgore. Kilgore has failed to demonstrate a genuine issue for trial as to whether Defendants used excessive force in effecting his arrest on October 9, 1995.

Upon review of the evidence presented on this motion for summary judgment, the Court finds the Defendants' use of force in arresting Kilgore on October 9, 1995, was reasonable under the totality of the circumstances. There is no question of material fact which precludes a grant of summary judgment in Defendants' favor. Therefore, Defendants' Motion for Summary Judgment filed November 2, 1998, should be granted.

## RECOMMENDED DISPOSITION

Defendant's Motion for Summary Judgment, filed November 2, 1998, should be GRANTED.

JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.